IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-CV-05096-BCW |
| | ) | |
| WILLIAM PHILLIP JACKSON, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND FINAL JUDGMENT

The Court held a jury trial in the above-captioned matter beginning on July 23, 2018. Plaintiff the United States of America appeared through counsel Russell J. Edelstein and Casey S. Smith. Defendant William Phillip Jackson ("Phil Jackson") appeared through counsel William J. Fleischaker.

Before trial, the Court granted partial summary judgment in Plaintiff's favor as follows: (1) on Count I, Phil Jackson's taxable income totaled $946,984.00, and Phil Jackson is liable for statutory penalties for 1998 through 2002; and (2) on Counts II, III, IV, and V, Phil Jackson and Sharon Jackson as husband and wife are the legal and equitable owners of the four subject properties which are encumbered by federal tax liens.

At trial, the Court granted judgment as a matter of law in favor of Plaintiff and against Phil Jackson with respect to Phil Jackson's assertion of charitable contributions in an amount of $477,500.00. Further, the Court entered judgment consistent with the jury verdict that reflects the following: (a) Phil Jackson did not establish that for tax years 2000, 2001, and 2002, he did not receive any portion of the gross income earned by Jackson Brothers Tire; and (b) Phil Jackson did

not establish that any portion of the gross income earned by Jackson Brothers Tire belonged to his sons or anyone else. (Doc. #145).

Based on the parties' agreement that the remaining issues in this case are amenable to resolution by the Court, the parties submitted post-trial briefing. (Docs. #149, #156, & #158).

The Court, having considered the parties' arguments, the applicable law, and the record, finds as follows.

### A. FINAL JUDGMENT IS ENTERED AGAINST PHIL JACKSON IN A TOTAL AMOUNT OF $2,396,800.47, PLUS STATUTORY INTEREST ACCRUING SINCE AUGUST 1, 2018.

Plaintiff asserts the Court should reduce to judgment Phil Jackson's federal income tax liability totaling $2,396,800.47 as assessed by the IRS, plus statutory interest accruing since August 1, 2018. This amount represents the Court and jury findings for Phil Jackson's taxable income for 1998 through 2002, with penalties and interest up to August 1, 2018. Defendants do not challenge Plaintiff's proposed judgment amount.

The IRS's estimate of taxable income is entitled to a presumption of correctness, as long as the "method for assessment is reasonable and logical." Dodge v. Comm'r of Internal Rev., 981 F.2d 350, 353 (8th Cir. 1993); United States v. Stonehill, 702 F.2d 1288, 1294 (9th Cir. 1983), cert denied, 465 U.S. 1079 (1984); United States v. Fior D'Italia, Inc., 536 U.S. 238, 243, 122 S. Ct. 2117, 2122, 153 L. Ed. 2d 280 (2002); McGraw v. Comm'r, 384 F.3d 965, 973 (8th Cir. 2004).

Based on the presumption of correctness that accompanies the IRS's assessment of Phil Jackson's income tax liability for 1998, 1999, 2000, 2001, and 2002, the Court's previous rulings, and the jury verdict, the Court enters final judgment on Count I against Phil Jackson in an amount of $2,396,800.47, plus statutory interest accruing since August 1, 2018. This total includes the partial judgment previously entered against Phil Jackson. (Doc. #113).

**B. FEDERAL TAX LIENS ENCUMBERING PROPERTIES 1, 2, 3, AND 4 ARE SUBJECT TO FORECLOSURE AND SALE.**

With respect to Counts II, III, IV, and V, Plaintiff asserts the Court should foreclose under 26 U.S.C. § 7403 on the federal tax liens on four properties held jointly by Phil Jackson and his wife Sharon Jackson, order the sale of the four properties identified, and distribute the proceeds of the sales in the following order: (1) to the IRS Property Appraisal and Liquidation Specialists; (2) to Newton County for payment of any unpaid property taxes; (3) one-half of the remaining proceeds to Sharon Jackson to account for her one-half interest in the properties; (4) one-half of the remaining proceeds to satisfy the judgment amount in Count I against Phil Jackson; and (5) any remaining amounts to Phil Jackson. Defendants note they have not located any legal authority to dispute the IRS's power to enforce its federal tax liens through foreclosure and sale.

This Court found previously that Phil Jackson and Sharon Jackson are the legal and equitable owners of four properties, specifically identified and described in Counts II, III, IV, and V ("the Properties"). The Court further found that each of the Properties are encumbered by federal tax liens, creating in Plaintiff superior interests in each of the Properties.

Title 26 U.S.C. § 7403 "is one of a number of distinct enforcement tools available to the United States for the collection of delinquent taxes." United States v. Rodgers, 461 U.S. 677, 682- (1983). "The Government may, for example, simply sue for the unpaid amount, and, on getting a judgment, exercise the usual rights of a judgment creditor." Id. (citing 26 U.S.C. §§ 6205(a), 7401, 7402(a)).

"Section 7403(a) provides, not only that the Government may 'enforce its lien,' but also that it may seek to 'subject any proper, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." Rodgers, 461 U.S. at 692. "[S]ection 7403(c) provides that the district court should 'determine the merits of all claims to and

liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.'" Id. at 693. The statute is properly construed "to contemplate, not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property . . . and the recognition of third-party interests through the mechanism of judicial valuation and distribution." Id. at 694. This construction "is consistent with the policy inherent in the tax statutes in favor of the prompt and certain collection of delinquent taxes." Id.

"[A]lthough the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law." Id. at 683 (citing United States v. Mitchell, 403 U.S. 190 (1971)). In Missouri, "[w]here two persons who are husband and wife become joint owners of personal property a presumption arises that they hold the property as tenants by the entirety. The presumption is that each spouse owns an undivided interest in the whole of the property." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shackelford, 591 S.W.2d 210, 213 (Mo. Ct. App. 1979).

"[F]ederal tax liens may attach to property that cannot be unilaterally alienated." United States v. Craft, 535 U.S. 274, 284 (2002). "[T]he federal tax lien . . . attach[es] to an individual partner's interest in the partnership, that is, to the fair market value of his or her share in the partnership assets." Id. at 286.

In this case, the only remaining issue is how the proceeds from the sale of the Properties are properly distributed. Under Plaintiff's proposal, the Court should order foreclosure on the Properties, and order distribution of the proceeds in the following order. First, proceeds should go to the IRS Property Appraisal and Liquidation Specialists ("PALS") to cover administrative costs

4

associated with the sales. After PALS is paid, proceeds should then go to Newton County to cover any outstanding tax payments. Thereafter, after both PALS and any outstanding tax payments are paid, the remaining proceeds should be divided in half, with 50% to Sharon Jackson. The remaining 50% of net proceeds should be applied the judgment against Phil Jackson to satisfy unpaid tax liabilities. Finally, any remaining amounts from the net proceeds would go to Phil Jackson.

Defendants assert Plaintiff's proposal for the distribution of net proceeds unduly diminishes Sharon Jackson's interest in the Properties because under Plaintiff's proposal, her interest in the Properties will be unduly reduced by payments to PALS and Newton County. Defendants instead propose Sharon Jackson should be paid first from the net proceeds, with administrative costs and outstanding taxes paid out of Phil Jackson's half of the proceeds from the sales of the Properties.

Plaintiff concedes that, as set forth in United States v. Rodgers, "§ 7403 does not require a district court to authorize a forced sale under absolutely all circumstances, and some limited room is left in the statute for the exercise of reasoned discretion." 461 U.S. 677, 706 (1983). In cases where the interests of third parties are involved, this reasoned discretion is guided by four non-exhaustive factors: (a) whether the "Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes"; (b) whether the interested third party would have had an expectation that his or her interest would not be subject to forced sale; (c) whether the third party might incur prejudice in the way of dislocation costs and/or under compensation; and (d) whether the character and value of the third party's interest in the property is comparably greater than the interest that is subject to forced sale. Id.

With respect to the first factor, the Court finds Plaintiff's financial interests would be prejudiced if it were relegated to the forced sale of only Phil Jackson's interest in the Properties. As a practical matter, if Plaintiff foreclosed on Phil Jackson's interests only, Sharon Jackson retains her interests in the Properties. Thus, the sale of Phil Jackson's interests would not decrease the judgment amount Phil Jackson owes to Plaintiff.

With respect to the second factor, Sharon Jackson lacks an expectation that the Properties would not be subject to sale. Sharon Jackson, as owner with Phil Jackson, participated in the fraudulent transfers (since disclaimed) of the Properties. In the Court's view, this conduct "tilts the balance of legal expectation against" her under this factor. United States v. Bierbrauer, 936 F.2d 373, 376 (8th Cir. 1991).

With respect to the third factor, Sharon Jackson will receive full compensation for her interests in the Properties. To the extent Defendants assert that Sharon Jackson should be compensated for her interests first, Sharon Jackson is equally liable for any outstanding property tax payments owed to Newton County. Further, to the extent Defendants assert Sharon Jackson's compensation for her property interests should not reduced by administrative costs to PALS, Defendants cite no legal authority for the premise that the sale costs for the Properties should be borne by Plaintiff. Thus, the Court relies on "the Government's paramount interest in prompt and certain collection of delinquent taxes" to conclude that Plaintiff net proceeds from the sale of the Properties should be distributed to PALS first. Rodgers, 461 U.S. at 712.

Finally, with respect to the fourth factor, because Phil Jackson's and Sharon Jackson's interests in the Properties are equal, forced sale could net Plaintiff as much as half the value of each of the properties to apply to the tax judgment against Phil Jackson. Under these

circumstances, the Plaintiff is likely to recover more than "a fraction of the value of the property." Bierbrauer, 936 F.2d at 375.

The Court, in recognition of the limited discretion accorded to it under § 7403, and having considered the relevant factors for the exercise of that discretion, concludes the distribution of proceeds from the sales of the four properties shall align with Plaintiff's proposal. Accordingly, it is hereby

ORDERED the relief requested by Plaintiff in its post-trial brief (Doc. #149) is GRANTED. It is further

ORDERED final judgment is entered against William Phillip Jackson and in favor of the United States on Count I in a total amount of $2,396,800.47, plus statutory additions that will continue to accrue, until fully paid, regarding his federal income tax liabilities for 1998, 1999, 2000, 2001, and 2002. This final judgment supplants the partial judgment previously entered on February 23, 2018 (Doc. #114). It is further

ORDERED judgment is entered against William Phillip Jackson and in favor of the United States on Counts II through V because the United States has valid and subsisting federal tax liens that: (a) arose at the time federal income tax assessments were made against William Phillip Jackson for his 1998-2002 federal income taxes; and (b) attached to all property, rights to property, and subsequently acquired property and rights to property of William Phillip Jackson. It is further

ORDERED with respect to Count II of the Complaint, the Court enters judgment in favor of the United States and against all defendants and finds that other than William Phillip Jackson and Sharon Jackson, other named defendants do not assert and do not have any interest in "Property 1," located at 10356 Venice Lane, Stark City, Missouri, and legally described as:

> A Tract of land described as beginning at a point 2648.39 feet North of the South Quarter corner of Section 5, Township 25, Range 29, thence North 455.0 feet,

> thence West 1800.0 feet more or less to the center line of Shoal Creek, thence Southwesterly along the center line of said creek on a chord South 41 deg. 02' West 603.20 feet, thence East 2196.0 feet more or less to the point of the beginning, subject to a 50 feet roadway easement squarely off the East side of said tract, containing 209 acres, more or less, Newton County, Missouri.
>
> Together with a non-exclusive easement for ingress and egress beginning at a point 2648.39 feet North of the Southwest corner of the Southwest Quarter of Section 5, Township 25, Range 29, thence North 1777.60 feet, thence North 25 deg. 41' East 301.20 feet to the South right of way of Highway 60, thence South 85 deg. 32'West 57.26 feet, thence South 24 deg 41' West 273.25 feet, thence South 1800.60 feet, thence East 50.0 feet to the point of beginning, Newton County, Missouri.

The Court finds that William Phillip Jackson and Sharon Jackson are the legal and equitable owners of Property 1, which is encumbered by valid and subsisting federal tax liens that arose at the time federal income tax assessments were made against William Phillip Jackson for his 1998-2002 federal income taxes. It is further

ORDERED, with respect to Count III of the Complaint, the Court enters judgment in favor of the United States and against all defendants and finds that other than William Phillip Jackson and Sharon Jackson, other named defendants do not assert and do not have any interest in "Property 2," located at 569 West Valley, Granby, Missouri and legally described as:

> A tract of land being a part of the Northeast Quarter of the Northeast Quarter of Section 1, Township 25, Range 31 and part of the West Half of the Northwest Quarter of Section 6, Township 25, Range 30, Newton County, Missouri, described as beginning at a limestone corner marker on the range line between Section 6, Township 25, Range 30 and Section 1, Township 25, Range 31, said limestone being the Southeast corner of the Northeast Quarter of the Northeast Quarter of Section 1 :thence North 89 deg. 56'West along the Quarter Section line 370.95 feet, thence North 01 deg. 53' West 259.65 feet; thence North 03 deg. 49' West 135.35 feet; thence North 01 deg. 11' East 66.90 feet; thence North 81 deg. East 391.02 feet; thence South 250.72 feet; thence North 86 deg. 02' East 345.54 feet to a point in the Northwest Quarter of the Northwest Quarter of Section 6, Township 25 Range 30; thence South 08' East 718.35 feet to a point on the North line of the US Highway 60; thence Southwest along the North line of said Highway an approximate distance of 470.60 feet to a point on the range and Section line; thence North on said line North 02' West 571.0 feet to the point of beginning. Except a tract described as: Commencing at a limestone monument situated on Range 31; said monument being the Southwest corner of the Northeast Quarter of the

> Northeast Quarter of said Section 1; thence South 0 deg. 02' West a distance of 571 feet to a drill steel monument no 212 in North line of US Highway Route 60; thence North 71 deg. 19'39" East 470.72 feet to an iron pin in the Southeast corner of the Everett Cooper tract as described and staked by the American Smelting and Refining Company, said pin being situated in the North right of way of US Highway 60 as now located and being the point of beginning of the tract herein excepted; thence North 8 deg. 07' West a distance of 150 feet to an iron pin; thence South 67 deg 25' West a distance of 279.65 feet to an iron pin; thence South 150 feet to an iron pin in the North right of way line of US Highway 60 as now located; thence in a Northeasterly direction along the North right of way line of said Highway a distance of 300 feet to the point of beginning.

The Court finds that William Phillip Jackson and Sharon Jackson are the legal and equitable owners of Property 2, which is encumbered by valid and subsisting federal tax liens that arose at the time federal income tax assessments were made against William Phillip Jackson for his 1998-2002 federal income taxes. It is further

ORDERED, with respect to Count IV of the Complaint, the Court enters judgment in favor of the United States and against all defendants and finds that other than William Phillip Jackson and Sharon Jackson, other named defendants do not assert and do not have any interest in "Property 3," located 601 West Valley, Granby, Missouri and legally described as:

> Part of the Southeast Quarter of the Northeast Quarter of Section 1, Township 25, Range 31, Newton County, Missouri, described as beginning at the Northeast corner of the Southeast Quarter of the Northeast Quarter of Section 1, thence North 89 deg 56 minutes West along Quarter section line a distance of 370.95 feet, thence South 1 degree 53 minutes East a distance of 358.35 feet, thence North 78 degrees 33 minutes East a distance of 112.35 feet, thence South 39 degrees 39 minutes East a distance of 134.40 feet, thence South 5 degrees 55 minutes East an approximate distance of 255.75 feet to the point of a North right of-way line of US Highway 60, thence in an easterly direction along the North side of Highway right-of-way line an approximate distance of 143 feet to a point where the highway right-of way line and section line (which is also the range line) intersect, thence North 2 minutes West an approximate distance of 571 feet along the section and range line to the place of beginning, subject to an easement for ingress and egress across the East 20 feet of the South 92 feet of the foregoing tract.

The Court finds that William Phillip Jackson and Sharon Jackson are the legal and equitable owners of Property 3, which is encumbered by valid and subsisting federal tax liens that arose at

the time federal income tax assessments were made against William Phillip Jackson for his 1998-2002 federal income taxes. It is further

ORDERED, with respect to Count V of the Complaint, the Court enters judgment in favor of the United States and against all defendants and finds that other than William Phillip Jackson and Sharon Jackson, other named defendants do not assert and do not have any interest in "Property 4," located at 144 West Valley, Granby, Missouri and legally described as:

> That part of Block 20 in Railroad Addition to the city of Granby, Newton County, Missouri, described as commencing at the Southwest corner of Lot 13 in said block 20; thence North 175.0 feet to the point of beginning; thence North 89 degrees 03 minutes East 58.17 feet; thence North 10 degrees 02 minutes 40 seconds West 111.62 feet to the right of way of Route 60, thence along said right of way line south 79 degrees 39 minutes 31 seconds West 39.33 feet; thence South 103.81 feet to the point of beginning, Except any part lying within the right of way of US Highway 607.

The Court finds that William Phillip Jackson and Sharon Jackson are the legal and equitable owners of Property 4, which is encumbered by valid and subsisting federal tax liens that arose at the time federal income tax assessments were made against William Phillip Jackson for his 1998-2002 federal income taxes. It is further

ORDERED, the federal tax liens are enforced on Properties 1-4 and shall be sold free and clear of all liens, claims, and interests of the parties to this action, subject to terms set forth by an order that will govern the sales that will be issued by this Court, with the proceeds from any resulting sales disbursed as follows:

1. First, to the IRS Property Appraisal and Liquidation Specialists ("PALS") for the administrative costs of the sale of Properties 1-4;

2. Second, to Newton County for payment of any unpaid property taxes that have accrued on Properties 1-4 by the time of sale;

3. Third, one-half of the remaining net proceeds from the sale of Properties 1-4 to Sharon Jackson for her one-half interest in Properties 1-4;

4. Fourth, one-half of the remaining net proceeds from the sale of Properties 1-4 to

the United States to satisfy the unpaid federal tax liabilities of William Phillip Jackson, up to the amount of the $2,396,800.47 judgment against him in this action; and

5. Any remaining amounts to William Phillip Jackson. It is further

ORDERED that each party shall bear its own costs and expenses, including any possible attorney's fees, in connection with this proceeding. It is further

ORDERED within 30 days of this order, the United States will re-assert its motion for default judgment (Doc. #74) and motion for approval of a proposed order of sale for the four subject properties.

IT IS SO ORDERED.


Dated: January 30, 2019

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT